IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

NO. 14-4862

————————————

UNITED STATES OF AMERICA,
Appellee,

v.

GLENN SYLVESTER JACKSON,
Appellant.

————————————————————

SUPPLEMENTAL BRIEF  FOR  APPELLANT

————————————————————


————————————————————————————————


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA

————————————————————————————————


<div style="margin-left:40%">

THOMAS P. McNAMARA
*Federal Public Defender*
150 Fayetteville Street, Suite #450
Raleigh, North Carolina 27601

STEPHEN C. GORDON
*Assistant Federal Public Defender*
150 Fayetteville Street, Suite #450
Raleigh, North Carolina 27601

**Counsel For Appellant**

</div>

# TABLE OF CONTENTS

**Page**

Table of Cases, Statutes, and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Supplemental Issues for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Supplemental Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Arguments

    I. The District Court Committed Plain Error By Setting Mr. Jackson's Base Offense Level at 20 On The Ground That He Had A Prior Conviction For A "Crime Of Violence." . . . . . . . . . . . . . 5

    II. The Error In The Setting Of Mr. Jackson's Base Offense Level Affected His Substantial Rights And Is Not Harmless . . . . . . 13

        A. *The Alternative Sentence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        B. *The Appeal Waiver Provision In The Plea Agreement* . . . . . . . . 18

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Certificate of Compliance with Typeface and Length Limitations

Certificate of Service of Brief and Appendix

# TABLE OF CASES, STATUTES, AND AUTHORITIES

## CASES

*Anders v. California*,
   386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 18, 22

*Beckles v. United States*,
   579 F. App'x 833 (11th Cir. 2014),
   *vacated*, No. 14-7390, 2015 U.S. LEXIS 4521 (U.S. June 30, 2015). . . . . . 9

*Henderson v. United States*,
   ___ U.S. ___, 133 S. Ct. 1121 (2013). . . . . . . . . . . . . . . . . . . . . . . . . 13

*Johnson v. United States*,
   559 U.S. 133 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Johnson v. United States*,
   ___ U.S. ___, 135 S. Ct. 2551, 2557 (2015). . . . . . . . . . . . . . . . . . *passim*

*Peugh v. United States*,
   ___ U.S. ___, 133 S. Ct. 2072, 2084 (2013). . . . . . . . . . . . . . . . . . . . . . 9

*State v. Burch*,
   2011 N.C. App. LEXIS 1921
   (N.C. App. Sept. 6, 2011) (unpublished). . . . . . . . . . . . . . . . . . . . . 10-11

*Stinson v. United States*,
   508 U.S. 36 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Abu Ali*,
   528 F.3d 210 (4th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Blick,*
    408 F.3d 162 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19, 21

*United States v. Clay,*
    627 F.3d 959 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Foote,*
    784 F.3d 931 (4th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Hughes,*
    401 F.3d 540 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Maldonado,*
    581 F. App'x 19 (2d Cir. 2014),
    *vacated*, No. 14-7445, 2015 U.S. LEXIS 4519 (U.S. June 30, 2015). . . . . . 9

*United States v. Massenburg,*
    564 F.3d 337 (4th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Obey,*
    790 F.3d 545 (4th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

*United States v. Olano,*
    507 U.S. 725 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Savillon-Matute,*
    636 F.3d 119 (4th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

*United States v. Shell,*
    789 F.3d 335 (4th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11-12

iii

*United States v. Thornton*,
   554 F.3d 443 (4th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*United States v. Vann*,
   620 F.3d 43 (4th Cir. 2010),
   *vacated and remanded*, 660 F.3d 771 (4th Cir. 2011)(en banc). . . . . . . . . 6

## STATUTES AND AUTHORITIES

18 U.S.C. § 922(g)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

18 U.S.C. § 924(e).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7-8, 19

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

N.C. Gen. Stat. § 42.7-7.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

U.S.S.G. § 2K2.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S.S.G. § 2L1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S.S.G. § 4B1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S.S.G. Chap. 5, Pt. A (Sentencing Table). . . . . . . . . . . . . . . . . . . . 4, 14

## SUPPLEMENTAL ISSUES FOR REVIEW

I.  Whether the North Carolina crime of sex offense in a parental role is a "crime of violence" for purposes of U.S.S.G. § 2K2.1

II.  Whether, if the district court plainly erred by treating a sex offense in a parental role as a crime of violence, that error is harmless.

## SUPPLEMENTAL STATEMENT OF THE CASE

*Supplemental Procedural History*

On May 4, 2015, counsel for the appellant, Glenn Sylvester Jackson,

submitted a brief to this Court pursuant to the provisions of *Anders v.*

*California*, 386 U.S. 738, 744 (1967). (Fourth Circuit Docket Entry #27 and

#28 in Case No. 14-4862)(hereinafter "4th Cir. D.E. #"). On May 18, 2015,

the government gave notice it did not intend to file a response to the

*Anders* brief, but that should it deem it to be necessary later, it would seek

to enforce an appeal-waiver provision in Mr. Williams' plea agreement.

(4th Cir. D.E. #34).

On June 26, 2015, the United States Supreme Court held in *Johnson v.*

*United States* that the so-called "residual clause" of 18 U.S.C. § 924(e) was

unconstitutionally void for vagueness. ___ U.S. ___, 135 S. Ct. 2551, 2557

(2015). Subsequent to the *Johnson* decision, this Court ordered Mr. Jackson

and the government to file supplemental briefs addressing two questions:

(1) whether the district court plainly erred when, for purposes of

establishing the base offense level under U.S.S.G. § 2K2.1,  it treated Mr.

Jackson's prior conviction for sex offense in a parental role as a "crime of

violence"; and (2) whether. if the court did plainly err, that error ultimately

was harmless. (4th Cir. D.E. #36).

On September 4, 2015, the government moved to dismiss Mr.

Jackson' appeal.  (4th Cir. D.E. #38).  On September 11, 2015, this Court

ordered Mr. Jackson to respond to the government's motion in this

supplemental brief.  (4th Cir. D.E. #42).  Mr. Jackson will include his

response in his discussion of the harmless-error question this Court has

directed the parties to address.

*Supplemental Factual Background*

Mr. Jackson's criminal record includes a 2012 North Carolina

conviction for committing a sex offense in a parental role.  (Docket Entry

#49 at p. 15, in case no. 5:13-CR-260-D, Eastern District of North

Carolina)(hereinafter "Dist. Ct. D.E. #").  When Mr. Jackson subsequently

plead guilty in federal court to being a felon in possession of a firearm, that

prior conviction became the basis for setting his base offense level at 20

under U.S.S.G. § 2K2.1(a)(4)(A)'s provision for an individual whose

criminal history includes a conviction for a "crime of violence." (Dist. Ct.

D.E. #49 at p.13). With a base offense level of 20, and after the factoring in

of certain enhancements and reductions, Mr. Jackson faced a guideline

imprisonment range of 70 to 87 months. (D.E. #49 at pp. 14-15). Had he

not been held accountable for a prior "crime of violence" conviction, Mr.

Jackson's base-offense level would have been 14, and his guideline

imprisonment range 37 to 46 months, significantly less than the 84-month,

within-guideline sentence he received. *See* § 2K2.1(a)(6); U.S.S.G. Chap. 5,

Pt. A (Sentencing Table).

# ARGUMENTS

## I. The District Court Committed Plain Error By Setting Mr. Jackson's Base Offense Level at 20 On The Ground That He Had A Prior Conviction For A "Crime Of Violence."

*Standard of Review*

This Court reviews for plain error an issue that is raised for the first time on appeal. *United States v. Obey*, 790 F.3d 545, 549-50 (4th Cir. 2015). It reviews questions of law *de novo*. *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015).

*Argument*

If at one time it may have been, following the United States Supreme Court's decision in *Johnson v. United States*, a North Carolina conviction for sex offense in a parental role is not a conviction for a "crime of violence" for purposes of applying U.S.S.G. § 2K2.1. The district court, accordingly, committed plain error when it assigned Glenn Sylvester Jackson a base offense level of 20 on the ground that Mr. Jackson had a "crime of violence" as part of his criminal history.

5

In relevant part, North Carolina makes it a felony when someone who has "assumed the position of a parent in the home of a minor victim engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home[.]" N.C. Gen. Stat. § 14-27.7. A "sexual act" under North Carolina law is "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse." With the exception of doing so for "accepted medical purposes," a sexual act is also "the penetration, however slight, by any object into the genital or anal opening of another person's body." N.C. Gen. Stat. § 14-27.7. Consent is not a defense to the charge. *Id*.; *see also*, *United States v. Vann*, 620 F.3d 431, 452 (4th Cir. 2010)(King, J., dissenting), *vacated and remanded*, 660 F.3d 771 (4th Cir. 2011)(en banc).

As noted above, U.S.S.G. § 2K2.1 imposes a base-offense level of 20 upon someone with a prior conviction for a "crime of violence." In Mr. Jackson's case, the district court set his base-offense level at 20 on that ground. Section 2K2.1 uses the definition of "crime of violence" provided

6

by U.S.S.G. § 4B1.2, the "career offender" guideline.  *See* U.S.S.G. § 2K2.1,

comment. (n. 1).  The definition, in relevant part, says that crimes of

violence are "any offense under federal or state law . . . that (1) has as an

element the use, attempted use, or threatened use of physical force against

the person of another, or (2) is burglary of a dwelling, arson, or extortion,

involves use of explosives, or otherwise involves conduct that presents a

serious potential risk of physical injury to another."  This language, except

for its limitation of burglaries to dwellings, is identical to the "violent

felony" definition found in 18 U.S.C. § 924(e), the Armed Career Criminal

statute.  The commentary to the guideline elaborates on § 4B1.2's

definition, saying in part that crimes of violence include "murder,

manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery,

arson, extortion, extortionate extension of credit, and burglary of a

dwelling."  U.S.S.G. § 4B1.2, comment (n.1)(emphasis added).

Additionally, the commentary says, "[o]ther offenses are included as

'crimes of violence' if (A) that offense has as an element the use, attempted

7

use, or threatened use of physical force against the person of another, or (B) the conduct . . . by its nature, presented a serious potential risk of physical injury to another." *Id*.

Following the Supreme Court's decision in *Johnson v. United States*, there is only one ground upon which the crime of sex offense in a parental role can meet § 4B1.2's "crime of violence" definition, and that is if it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" *Johnson*, of course, has invalidated what otherwise would have been part of the inquiry here, that being whether sex offense in a parental role "involves conduct that presents a serious potential risk of physical injury to another," and thus falls under the "residual clause" of the crime of violence definition. *See Johnson*, ___ U.S. ___, 135 S. Ct. 2551, 2556 (2015). *Johnson*, though, has held the residual clause of § 924(e), a clause whose language is identical to that found in § 4B1.2, as unconstitutionally void for vagueness.

Although Mr. Jackson's case involves the sentencing guidelines, and

8

not a statute, this Court has traditionally "rel[ied] upon precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act . . . interchangeably with precedents evaluating whether an offense constitutes a crime of violence under . . . § 4B1.2(a)." *United States v. Clay*, 627 F.3d 959, 965 (4th Cir. 2010). Moreover, after *Johnson* issued, the Supreme Court vacated and remanded for reconsideration cases that involved the career-offender guideline. *See United States v. Maldonado*, 581 F. App'x 19, 22-23 (2d Cir. 2014), *vacated*, No. 14-7445, 2015 U.S. LEXIS 4519 (U.S. June 30, 2015); *Beckles v. United States*, 579 F. App'x 833, 833-34 (11th Cir. 2014), *vacated*, No. 14-7390, 2015 U.S. LEXIS 4521 (U.S. June 30, 2015). And, the guidelines have at least some constitutional dimensions; *ex post facto* concerns have been applied to them. *Peugh v. United States*, ___ U.S. ___, 133 S. Ct. 2072, 2084 (2013); *see also, United States v. Foote*, 784 F.3d 931, 938 (4th Cir. 2015).

All of the foregoing is to say that Mr. Jackson's prior North Carolina offense cannot now be deemed a crime of violence because it falls under

§ 4B1.2's residual clause. Nor is it "burglary of a dwelling, arson, or extortion, [or an offense that] involves use of explosives," another means by which an offense may be a crime of violence under the guideline definition. To be a crime of violence, therefore, sex offense in a parental role must have "as an element the use, attempted use, or threatened use of physical force against the person of another has as an element the use, attempted use, or threatened use of physical force against the person of another." It does not.

"Physical force" has a particular meaning here. It means *violent* force, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). And to repeat, for sex offense in a parental role to be a crime of violence under § 4B1.2, "physical force" must be an *element* of the offense itself, and not simply a predictable consequence of the conduct.

Section 42.27.7 has three elements: that the defendant engaged in vaginal intercourse or a sexual act with the victim; that the defendant had

10

custody of the victim; and that the defendant had assumed the position of

a parent in the victim's home.  *See State v. Burch,* 2011 N.C. App. LEXIS

1921 (N.C. App. Sept. 6, 2011) (unpublished).  To be convicted of this

offense, therefore, a perpetrator need not use "violent force," "strong

physical force capable of causing pain or injury."  Vaginal intercourse and

the four acts that fall under the "sexual act" definition of the State statute

can be accomplished without the use of physical force.  A "sexual act" also

occurs when there is a penetration, "however slight," of the genital or anal

opening by "any object."  This kind of "sexual act" also does not depend

upon the use of "physical force" before it can occur; a vibrator or "sex toy,"

for example, could be the "penetrating object."

All the State need prove, then, is that the defendant engaged in the

proscribed conduct with the victim; it need not prove the defendant used

physical force to accomplish that conduct.  As noted earlier, consent is not

a defense to a § 42.7-7 charge, a further demonstration that the offense is

not a crime of violence under § 4B1.2's force clause.  If § 42.7-7 may be

violated because the victim's consent is "legally insufficient," and there is no requirement for the State to prove force. *See Shell*, 789 F.3d at 341; *see also*, *United States v. Thornton*, 554 F.3d 443, 446-49 (4th Cir. 2009).

As sex offense in a parental role does not qualify as a crime of violence under § 4B1.2's force clause, neither does it qualify under the "forcible sex offense" provision of the guideline's commentary. In *Shell*, this Court rejected the argument that because U.S.S.G. § 2L1.2 has a definition of "crime of violence" that includes sex offenses where the consent is legally invalid, a "forcible sex offense" also meets the definition for purposes of § 4B1.2. 789 F.3d at 343. *Shell* also noted that "'where commentary is inconsistent with text, text controls.'" *Id*. at 340 (quoting *Stinson v. United States*, 508 U.S. 36, 43 (1993). As has been demonstrated, § 42.7-7 is not a crime of violence within § 4B1.2's textual definition.

As the North Carolina crime of sex offense in a parental role does not meet the force clause of § 4B1.2, because it is not one of the enumerated offenses, and because it cannot be a crime of violence under the guideline's

12

residual clause, Mr. Jackson should not have had his base offense level set at 20 on the basis of his prior conviction.  The district court therefore committed an error that, for the reasons given above, is "plain" at the time of this Court's review, and which affected Mr. Jackson's substantial rights by significantly increasing his guideline exposure. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Henderson v. United States*, ___ U.S. ___, 133 S. Ct. 1121, 1130-31 (2013).  The question therefore becomes whether the error affected his substantial rights and, if it did, whether this Court should notice the error.  *See Olano*, 507 U.S. at 732.

## II.   The Error In The Setting Of Mr. Jackson's Base Offense Level Affected His Substantial Rights And Is Not Harmless.

*Standard of Review*

This Court reviews for plain error an issue that is raised for the first time on appeal.  *United States v. Obey*, 790 F.3d 545, 549-50 (4th Cir. 2015). Plain error review includes determining whether the error affected a defendant's substantial rights.  *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009).

13

*Argument*

A. *The Alternative Sentence*

As pointed out earlier, had his prior conviction for sex offense in a parental role not been treated as a conviction for a crime of violence, Mr. Jackson's guideline range would have been 37 to 46 months, three years and two months lower, at the top end, than the 84 months the district court imposed.  *See* (Dist. Ct. D.E. #49 at pp. 13-15); U.S.S.G. § 2K2.1(a)(6); U.S.S.G. Chap. 5, Pt. A (Sentencing Table).  The court's sentence thus becomes a significant variance above the advisory guideline range, and it loses the presumption of reasonableness it presently carries in this Court. *E.g.*, *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008). The incorrect base offense level significantly increased Mr. Jackson's  guideline exposure. In this way, the district court's error affected his substantial rights.  *See United States v. Hughes*, 401 F.3d 540, 548 (4th Cir. 2005).

When it sentenced Mr. Jackson, however, the court briefly stated briefly stated its belief that it had arrived at the correct guideline

14

imprisonment range, but that if it had not, it would sentence Mr. Jackson to

another 84-month term "as an alternative variant sentence" upon any

remand.  (Dist. Ct. D.E. #59 at p. 22).  The district court thus invited this

Court to review the sentence under the "assumed error harmlessness

inquiry," wherein this Court asks whether the lower court, had it decided a

guideline issue differently, would have imposed the same sentence

notwithstanding, and, if so, whether this Court would find that sentence to

be substantively reasonable.  *United States v. Savillon-Matute*, 636 F.3d 119,

123 (4th Cir. 2011).

Beginning with the second part of the *Savillon-Matute* analysis, this

Court cannot be confident an 84-month, consecutive sentence, is

substantively reasonable as an upward variance.[1]  The district court did

not think it was varying when it sentenced Mr. Jackson, and so it did not

explain why such a large departure above a lower guideline range would

---

[1]Mr. Jackson's initial brief argues that the district court, by making
the federal sentence consecutive to the state term, acted unreasonably
under 18 U.S.S.C. § 3553(a).  Mr. Jackson incorporates that argument herein
by reference.

15

be appropriate. The Court said nothing more than it would impose the same sentence "for the reasons. . .already articulated." (Dist. Ct. D.E. #59 at p. 22). Mr. Jackson respectfully submits that the reasons the court gave for what it thought was a within-guideline sentence–including the seriousness of the offense and Mr. Jackson's record–do not show why Mr. Jackson was so much worse than the typical 18 U.S.C. § 922(g)(1) offender as to warrant an additional three-years in prison.

Given the circumstances of this case, moreover, a special focus needs to be placed on the first prong of the *Savillon-Matute* test, notwithstanding the court's statement that it would impose the same sentence on any remand. In other words, it is important to look at the announcement of the alternative sentence in light of what happened later and how it might impact a resentencing.

The district court cannot reasonably be held to have anticipated, when it announced the alternative sentence, that a dramatic change in law implicating § 4B1.2's definition of "crime of violence" was in the offing.

16

The first *Johnson* argument, directed only at whether possession of a sawed-off shotgun qualified as a "violent felony," took place on November 4, 2014. The district court sentenced Mr. Jackson six days later. The Supreme Court did not order reargument in *Johnson* until January 9, 2015, two months after that. The district court could not have expected, when it said it believed it had made no calculation errors, that a six-level mistake in the base-offense level might be revealed by a future decision in an armed career criminal case. 18 U.S.C. § 3553(a)(5) requires a court to give serious consideration to the sentencing range recommended by the guidelines. Given these unusual circumstances of this case this Court, should it hold that Mr. Jackson's prior conviction is not one for a crime of violence, should remand to the district court so that the lower court may consider the appreciably lower guideline range and determine whether an upward variance to 84 months is still, in light of the new range, a sentence greater than necessary under § 3553(a).

B. *The Appeal Waiver Provision In The Plea Agreement* [2]

In the *Anders* brief, counsel represented to this Court that he believes the record in this case shows that Mr. Jackson knowingly waived his appellate rights. Of relevance here, the waiver included issues directed at the guideline imprisonment range "established at sentencing." (Dist. Ct. D.E. #39 at p.1, ¶2.c.). Candidly, then, this Court could find that if the district court error incorrectly assigned Mr. Jackson a base-offense level of 20, that error is one going to the establishment of the guideline range and is within the scope of the appeal waiver and therefore harmless. But while acknowledging that the Court *could* find harmlessness because of the plea agreement, Mr. Jackson respectfully requests that the Court, if it finds the "crime of violence" enhancement should not have applied in this case, not enforce the appeal waiver.

This Court typically looks to the plea colloquy to determine whether

---

[2]This section of the brief encompasses Mr. Jackson's response to the government's motion to dismiss this appeal.

a defendant's waiver of appellate rights is knowing and intelligent. *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). "Ultimately," however, it is the totality of the circumstances surrounding the waiver that is dispositive. *See id*. For the following reasons, the totality of the circumstances in this case argue for not holding Mr. Jackson to his appeal waiver on the "crime of violence" issue and for finding that the error affected his substantial rights.

No one at the time of Mr. Jackson's plea could reasonably have foreseen the *Johnson* decision and its potential applicability to sentences beyond those imposed under the Armed Career Criminal Act. Mr. Jackson pled guilty in July 2014, well before the Supreme Court ordered reargument in *Johnson* on the question of the constitutionality of § 924(e)'s residual clause. The procedural history of the *Johnson* decision itself, and its now-apparent broader implications, distinguish it from the pre-*Booker* era, when the *Blakely* decision put everyone on notice that federal sentencing law might soon change dramatically.

19

Additionally, declining to enforce the appeal waiver provision here will set no worrisome precedents. Mr. Jackson's issue is a purely legal one. He is not seeking to relitigate in this Court factual findings with which he disagrees. No one disputes he has a conviction for sex offense in a parental role. The issue is whether, as a matter of law, that conviction is a "crime of violence" for purposes of a guideline enhancement. The question of what a "crime of violence" is after *Johnson* is inarguably a significant one, perhaps the most significant currently presented in federal criminal law. Whatever positive results appeal waiver provisions achieve, a disservice they potentially work is by thwarting important developments in the law. Enforcing Mr. Jackson's waiver would work that very disservice here.

In this same vein, it is worth noting that declining to enforce the appeal waiver here works no real harm to the government. From the government's motion to dismiss, it appears the parties do not dispute *Johnson's* applicability to the residual clause of the "crime of violence" definition in § 4B1.2(a). *See* (4th Cir. D.E. #38 at p. 10, n.3). It may well be,

that the government will concede error here and will, at most, have to argue for harmlessness, if it believes the error is harmless.

Mr. Jackson recognizes that each party should receive the benefit of its bargain from a valid plea agreement. *Blick*, 498 F.3d at 173. It is very difficult, however, to see what benefit the government reaps by holding Mr. Jackson to a sentence that is too high. Mr. Jackson must also observe that the government preserved all of its appellate rights in the plea agreement, and it required Mr. Jackson to waive his. The parties here have never been on an even playing feild. *See Blick*, 408 F.3d at 168 n.5.

For these reasons, Mr. Jackson urges this Court to permit his appeal to proceed, that it deny the government's motion to dismiss, and that it exercise its discretion, in the interests of justice, to notice this error.

## CONCLUSION

For the foregoing reasons, the appellant, Glenn Sylvester Jackson, respectfully requests that the Court deny the government's motion to dismiss his appeal, and that it vacate his sentence and remand the matter to the district court.

## STATEMENT REGARDING ORAL ARGUMENT

Given that Mr. Jackson's initial brief was filed pursuant to *Anders v. California*, counsel for Mr. Jackson did not request oral argument in this case. The supplemental matters are primarily questions of law, and the record makes clear the facts surrounding them. Counsel, accordingly, leaves it to the discretion of this Court as to whether to hear argument in this case.

Respectfully submitted this 14th day of September, 2015 .

THOMAS P. McNAMARA
Federal Public Defender

*/s/ Stephen C. Gordon*
STEPHEN C. GORDON
Assistant Federal Public Defender
N.C. Bar No. 15873

23

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 14-4862          **Caption:** United States v. Glenn Sylvester Jackson

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains _____3,722_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using
   WordPerfectX6 _____ [*identify word processing program*] in
   14 point, Palantino-Linotype _____ [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) Stephen C. Gordon _____

Attorney for Glenn Sylvester Jackson _____

Dated: 9-14-15 _____

**CERTIFICATE OF SERVICE**

**<u>CM/ECF - Mixed Service</u>**

I hereby certify that on September 14, 2015, I electronically filed the foregoing document with

the Clerk of Court using the CM/ECF system, which will send notice of such

filing to the following registered CM/ECF users:

MS. JENNIFER P. MAY-PARKER
USANCE.ECFAPPEALS@USDOJ.GOV

I further certify that on September 14, 2015, I have mailed the foregoing document by First-Class

Mail, postage prepaid, to the following non-CM/ECF participants, addressed as follows:

Ms. Jennifer P. May-Parker
Assistant United States Attorney
  For the Eastern District of North Carolina
Terry Sanford Federal Building
310 New Bern Avenue, Suite #800
Raleigh, North Carolina 27601-1461

*/s/ Stephen C. Gordon*